UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DIANA ENGEL, an individual,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WASHINGTON MUTUAL BANK, FA, a business entity, form unknown; NATIONAL CITY BANK, a business entity, form unknown; ALLIANCE TITLE COMPANY, a business entity, form unknown; UNITED TITLE AND SETTLEMENT, a business entity, form unknown; CALIFORNIA RECONVEYANCE COMPANY, a business entity, form unknown; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a business entity, form unknown; and DOES 1-100, inclusive,<br><br>　　　　Defendants. | Case No: C 11-00055 SBA<br><br>**ORDER**<br><br>Docket 19, 20. |

　　On January 5, 2011, Plaintiff Diana Engel ("Plaintiff") brought this action against various Defendants, alleging seventeen causes of action in connection with a foreclosure proceeding on her residence. The Court has original jurisdiction, 28 U.S.C. § 1331, over Plaintiff's federal claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq., and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq. The Court has supplemental jurisdiction, 28 U.S.C. § 1367, over Plaintiff's state law claims.

　　The parties are presently before the Court on Defendant PNC Bank, N.A.'s ("PNC") motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure and motion

to strike under Rule 12(f) of the Federal Rules of Civil Procedure. Dkt. 19, 20. Plaintiff filed an opposition to the motion to dismiss, Dkt. 24, but did not file an opposition to the motion to strike or a statement of non-opposition as required under Civil Local Rule 7-3(b). Having read and considered the papers submitted in connection with this matter, and being fully informed, the Court hereby GRANTS IN PART and DENIES IN PART the motion to dismiss. The motion to dismiss is GRANTED with respect to Plaintiff's TILA and RESPA claims as to all Defendants. Plaintiff's TILA claim for damages and Plaintiff's RESPA claim are dismissed with leave to amend. Plaintiff's TILA claim for rescission is DISMISSED with prejudice. The motion is DENIED in all other respects without prejudice. In light of the disposition of the motion to dismiss, the Court DENIES the motion to strike as MOOT. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.   BACKGROUND

   A.   Factual Summary

Plaintiff's complaint arises from two mortgage loans and related deeds of trust on real property located at 2952 Somerset Avenue, Castro Valley, California 94546. Compl. ¶¶ 2-3, Dkt. 1. The first loan, a refinance option ARM, was provided by Defendant Washington Mutual Bank, FA ("WaMu") in the amount of $392,000.00. Id. ¶¶ 3-4. Plaintiff entered into this loan with WaMu on November 16, 2005. Id.

The second loan was provided by Defendant National City Bank (hereafter "PNC")[1] in the amount of $48,000.00. Compl. ¶ 3. Plaintiff entered into this loan with PNC on February 23, 2006. Id. This loan is a credit line loan. Pl.'s Opp. at 2.

Plaintiff generally alleges that the terms of the loans were unfair to her, negatively amortized, caused her to lose equity in the subject property, and caused "payment shock." See Compl. ¶¶ 4-7, 17, 28-29. Plaintiff further alleges that the "payment shock" and unfair programs set up by WaMu and PNC "will result in financial ruin for [her] and a foreclosure

---

[1] PNC is the successor by merger to Defendant National City Bank. Def.'s Mtn. at 1.

- 2 -

by both parties." Id. ¶ 7. Plaintiff claims that Defendants failed to advise her of the true costs of the loans and the risk associated with the loans, and intentionally concealed the negative implications of the loans they offered. See id. ¶¶ 7, 25, 36, 46. In her opposition, Plaintiff indicates that a Notice of Default and Election to Sell Under Deed of Trust was recorded on September 9, 2010, and that a Notice of Trustee Sale was recorded on December 21, 2010. Pl.'s Opp. at 2.

### B. Procedural History

On January 5, 2011, Plaintiff commenced this action against various Defendants, including PNC, alleging seventeen causes of action in connection with a foreclosure proceeding on her residence. See Compl. The complaint alleges both federal and state law claims. See id. The Court has original jurisdiction over Plaintiff's federal claims under TILA and RESPA. 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367.

On April 15, 2011, PNC filed a motion to dismiss each and every claim alleged in the complaint and a motion to strike certain portions of the complaint. Dkt. 9, 10. On April 22, 2011, the case was reassigned to the undersigned. Dkt. 17. PNC renoticed its motion to dismiss and motion to strike on April 26, 2011. Dkt. 19, 20. On September 1, 2011, Plaintiff filed an opposition to the motion to dismiss, Dkt. 24, but did not file an opposition to the motion to strike or a statement of non-opposition. A reply to the motion to dismiss was filed on September 13, 2011. Dkt. 25.

## II. DISCUSSION

### A. Legal Standard

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, the Court "accept[s] as true all well-pleaded allegations of material fact, and construe[s]

them in the light most favorable to the non-moving party." Daniels–Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).

However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Sciences Securities Litigation, 536 F.3d 1049, 1055 (9th Cir. 2008). A complaint is properly dismissed if it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

Where a complaint or claim is dismissed, leave to amend generally is granted, unless further amendment would be futile. See Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1087-1088 (9th Cir. 2002); see also Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (if a court dismisses the complaint, it should grant leave to amend, unless it determines that the pleading could not possibly be cured by the allegation of other facts).

### B. Federal Claims

Plaintiff's TILA and RESPA claims are Plaintiff's only federal causes of action. PNC argues that these claims are subject to dismissal because they are time-barred.

#### 1. TILA Claims

Plaintiff alleges two TILA claims, a claim for damages and a claim for rescission. These claims are based on a failure to provide the disclosures required under TILA. See Compl. ¶¶ 72-80, 113-115.

A claim may be dismissed because it is barred by the relevant statute of limitations when the running of the statute "is apparent from the face of the complaint." Ledesma v. Jack Stewart Produce, Inc., 816 F.2d 482, 484 n. 1 (9th Cir. 1987). A damages claim under

1  TILA is subject to a one-year statute of limitations.  15 U.S.C. § 1640(e).  The statute of
2  limitations begins to runs from the date of the consummation of the credit transaction at
3  issue.  King v. California, 784 F.2d 910, 915 (9th Cir. 1986); see also Meyer v. Ameriquest
4  Mortgage Co., 342 F.3d 899, 902 (9th Cir. 2003) ("The failure to make the required
5  disclosures occurred, if at all, at the time the loan documents were signed.").  The statute of
6  limitations for a claim for rescission under TILA based on the failure to properly disclose
7  the details of the loan is "three years after the date of consummation of the transaction."  15
8  U.S.C. § 1635(f).

9       Here, the loans were consummated in November 2005 and February 2006,
10 respectively.  Plaintiff, however, did not commence the instant action until January 5, 2011,
11 approximately five years after the second loan closed.  Accordingly, Plaintiff's TILA
12 claims are time-barred.  While Plaintiff concedes that she filed her complaint well beyond
13 the applicable limitations periods, she argues that her claims are subject to equitable tolling.
14 See Pl.'s Opp. at 4-5.

15      The Ninth Circuit has held that "the doctrine of equitable tolling may, in the
16 appropriate circumstances, suspend the limitations period until the borrower discovers the
17 fraud or nondisclosures that form the basis of the TILA action."  King, 784 F.2d at 915.
18 Equitable tolling may be applied if, "despite all due diligence, a plaintiff is unable to obtain
19 vital information bearing on the existence of his claim."  Santa Maria v. Pacific Bell, 202
20 F.3d 1170, 1178 (9th Cir. 2000).  The doctrine of equitable tolling focuses on excusable
21 delay by the plaintiff.  Id.  "If a reasonable plaintiff would not have known of the existence
22 of a possible claim within the limitations period, then equitable tolling will serve to extend
23 the statute of limitations for filing suit until the plaintiff can gather what information he
24 needs."  Id.  The doctrine, however, does not "postpone the statute of limitations until the
25 existence of a claim is a virtual certainty."  Id.

26      Courts have held that equitable tolling is inappropriate when nothing prevented the
27 plaintiff from comparing the disclosures made with the disclosures required under TILA.
28 See, e.g., Hubbard v. Fidelity Fed. Bank, 91 F.3d 75, 79 (9th Cir. 1996); Rodriguez v. JP

- 5 -

Morgan Chase & Co. --- F.Supp.2d ----, 2011 WL 3805635, *5 (S.D. Cal. 2011); Marcos v. Equity One Lenders Group, 2011 WL 5079643, at *5 (N.D. Cal. 2011). For example, in Hubbard, the plaintiff argued that the statute of limitations should have been tolled until she discovered that there were possible anomalies or errors in her loan. Hubbard, 91 F.3d at 79. The Ninth Circuit rejected this argument, stating that "nothing prevented [plaintiff] from comparing the loan contract, [Defendants'] initial disclosures, and TILA's statutory and regulatory requirements." Id.

Here, Plaintiff argues that equitable tolling is appropriate because she was unable to discover Defendants' unlawful actions until she hired an attorney and the attorney conducted a loan audit. Pl.'s Opp. at 4-5. Plaintiff, however, failed to explain why she could not have instigated an investigation into the disclosures provided by PNC within the applicable statute of limitations and filed a timely action. The Court has reviewed the complaint and has found no factual allegations demonstrating that equitable tolling is appropriate.[2]

First, with respect to Plaintiff's claim for rescission, equitable tolling is not appropriate because TILA imposes an absolute limitation on rescission actions that bars any claim filed more than three years after the consummation of the transaction. Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002). Section 1635(f) is considered a "statute of repose" that "depriv[es] the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period." Id. Here, Plaintiff entered into the loan transactions at issue in this case approximately five years before commencing the instant action. Accordingly, because Plaintiff did not attempt to rescind within the three-year limitations period, her right to rescind expired, and this Court lacks jurisdiction over her TILA rescission claim.

---

[2] With respect to tolling, the complaint simply alleges that "[a]ny and all statute[s] of limitations relating to disclosures and notices required pursuant to 15 U.S.C. § 1601, et seq. was tolled due to Defendants' failure to effectively provide the required disclosures and notices." Compl. ¶ 75.

Second, even if Plaintiff's claim for rescission was subject to equitable tolling, the Court finds that Plaintiff has failed to allege facts showing why she could not bring this claim or her claim for damages within the applicable limitations periods. Plaintiff has not asserted that she was prevented from comparing the disclosures made with the disclosures required under TILA. Nor has she asserted that "despite all due diligence," she was "unable to obtain vital information bearing on the existence" of her claims within the statutory periods, or that she acted with "excusable delay" in filing the instant action approximately five years after the close of the loan transactions. Accordingly, because Plaintiff had all of the information she needed to discover and bring an action regarding the alleged wrongs of which she now complains when the loan transactions closed, and she does not contend that she was prevented in any way from doing so, there is no basis upon which to equitably toll the limitations periods. See Hubbard, 91 F.3d at 79 (equitable tolling inapplicable where borrowers could have learned of TILA issues by reviewing their loan documents).

Although the complaint does not allege circumstances warranting equitable tolling, leave to amend is granted to give Plaintiff an opportunity to allege facts demonstrating that equitable tolling is appropriate with respect to her TILA claim for damages. Accordingly, Plaintiff's TILA claim for damages is DISMISSED with leave to amend. However, because no amendment can cure the deficiency of Plaintiff's TILA claim for rescission, this claim is DISMISSED without leave to amend.

### 2. RESPA Claim

Plaintiff's RESPA claim is also time-barred. The statute of limitations for bringing a RESPA claim is one year from the occurrence of the violation for claims arising under § 2607 or § 2608, and three years for violations brought pursuant to § 2605. See 12 U.S.C. § 2614. Plaintiff alleges that the RESPA violation occurred at or prior to the closing of the loans, but fails to specify under which section of RESPA she seeks relief. See Compl. ¶¶ 85-87. In its motion, PNC suggests that Plaintiff attempts to allege violations of § 2607, which pertains to illegal fees, kickbacks, and real estate settlement service charges. See 12

1  U.S.C. § 2607(a), (b).[3]  In her opposition, Plaintiff appears to agree with this

2  characterization of her RESPA claim.  Pl.'s Opp. at 6.

3        "The primary ill that § 2607 is designed to remedy is the potential for unnecessarily

4  high settlement charges, . . . caused by kickbacks, fee-splitting, and other practices that

5  suppress price competition for settlement services.  This ill occurs, if at all, when the

6  plaintiff pays for the tainted service, typically at the closing."  Jensen v. Quality Loan Serv.

7  Corp., 702 F.Supp.2d 1183, 1195 (E.D. Cal. 2010) (quoting Snow v. First Am. Title Ins.

8  Co., 332 F.3d 356, 359-360 (5th Cir. 2003)).  Courts consider "the occurrence of the

9  violation" as the date the loan closed.  See Jensen, 702 F.Supp.2d at 1195; Finley v. LaSalle

10  Bank Nat'l Ass'n, WL 3401453, at *2 n. 3 (N.D. Cal. 2009).

11        As noted above, the loans in this case closed in November 2005 and February 2006,

12  respectively.  Plaintiff, however, did not file the instant action until January 5, 2011, well

13  beyond RESPA's one and three-year limitations periods.  Accordingly, Plaintiff's RESPA

14  claim is time-barred.[4]  As with her TILA claims, Plaintiff argues that the RESPA statute of

15  limitations should be equitably tolled because she did not discover the RESPA violation

16  until she hired an attorney and the attorney conducted a loan audit.  Pl.'s Opp. at 4-5.  For

17  the reasons stated above, the Court finds Plaintiff's argument unavailing and that equitable

18  tolling is not warranted under the circumstances.  As such, Plaintiff's RESPA claim is

---

[3] Plaintiff alleges that Defendants failed to disclose "all affiliated business arrangements" as required by RESPA and 24 C.F.R. § 3500.15.  Compl. ¶ 87.  Because an affiliated business arrangement must be disclosed to the person seeking settlement services, see 12 U.S.C. § 2607(c)(4)(A); see also 24 C.F.R. § 3500.15(b)(1) (specifying contents of the disclosure), this allegation appears to be alleging a violation of § 2607.  See Washington v. National City Mortg. Co., 2011 WL 1842836, at *7-8 (N.D. Cal. 2011).

[4] Plaintiff's eleventh cause of action alleges, among other things, that she "is entitled to rescind the loan" based on a violation of RESPA.  Compl. ¶ 113.  Although REPSA provides for monetary damages, see 12 U.S.C. §§ 2605(f), 2607(d), 2608(b), it does not provide for relief in the form of rescission.  See Lima v. American Home Mortg. Servicing, Inc., 2010 WL 144810, at *4 (N.D. Cal. 2010); Abdollahi v. Washington Mut., FA, 2009 WL 1689656, at *2 n. 5 (N.D. Cal. 2009).  Plaintiff did not cite, and this Court could not locate, any authority supporting a contrary conclusion.  Accordingly, to the extent Plaintiff attempts to allege a RESPA claim for rescission, this claim is DISMISSED without leave to amend.

DISMISSED. Leave to amend is granted to give Plaintiff an opportunity to allege facts demonstrating that equitable tolling is appropriate with respect to this claim.

### C. Dismissal of Federal Claims as to Non-Moving Defendants

Although none of the other Defendants[5] in this action joined PNC's motion or filed a separate motion to dismiss, Plaintiff's TILA and RESPA claims[6] against these Defendants are DISMISSED with leave to amend because these Defendants are in a position similar to that of PNC, and because the conclusions above apply with equal force to these Defendants. A court "may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." Silverton v. Dep't of the Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981); see also Abaghinin v. Amvac Chem. Corp., 545 F.3d 733, 742-743 (9th Cir. 2008).

### D. Remaining State Law Claims

Federal courts are courts of limited jurisdiction, and federal district courts have original jurisdiction over claims raising federal questions or involving parties with diverse citizenship. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). Here, the instant action was filed in this Court based on federal question jurisdiction. See Compl. ¶ 19. In addition to the TILA and RESPA claims, Plaintiff has alleged numerous state law claims. Unlike Plaintiff's TILA and RESPA claims, the Court does not have original jurisdiction over these claims, but rather has supplemental jurisdiction. Because it is unclear at this time whether Plaintiff can state a cognizable federal claim by amending her complaint to allege facts demonstrating that equitable tolling is appropriate, the Court will not engage at this time in an analysis of whether Plaintiff has plead cognizable state law claims.

---

[5] The other Defendants in this action areWashington Mutual Bank, FA, Alliance Title Company, United Title and Settlement, California Reconveyance Company, and Mortgage Electronic Registration Systems, Inc. See Compl.

[6] Plaintiff's TILA and RESPA claims are alleged against all Defendants. See Compl.

The Court advises Plaintiff that if she does not amend her complaint within the time period specified below or is unable to amend her complaint to state a cognizable federal claim, the Court will dismiss her TILA and RESPA claims with prejudice and decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3); see Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction."); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (a court may sua sponte exercise its discretion and dismiss state law claims under 28 U.S.C. § 1367(c)); see also Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988) ("When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction.").

### III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. The motion to dismiss is GRANTED IN PART AND DENIED IN PART.

2. The motion to dismiss is GRANTED with respect to Plaintiff's TILA and RESPA claims as to all Defendants. Plaintiff's TILA claim for damages and Plaintiff's RESPA claim are dismissed with leave to amend. Plaintiff's TILA claim for rescission is DISMISSED with prejudice. The motion is DENIED in all other respects without prejudice.

3. Plaintiff shall have twenty-one (21) days from the date of this Order to file a First Amended Complaint, consistent with this Order. Plaintiff is advised that any additional factual allegations set forth in her First Amended Complaint must be made in good faith and consistent with Rule 11 of the Federal Rules of Civil Procedure. Failure to file a First Amended Complaint by the deadline will result in the dismissal of the TILA and RESPA claims with prejudice, and the DISMISSAL of the remaining state law claims without prejudice to the filing of said claims in a state court action.

1  4. In light of the disposition of the motion to dismiss, the Court DENIES the
2 motion to strike as MOOT.
3  IT IS SO ORDERED.
4 Dated: 1/27/12

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

- 11 -