|   |   |
|---|---|
| DIANA ENGEL, an individual, | Case No: C 11-00055 SBA |
| Plaintiff, | **ORDER** |
| v. |   |
| WASHINGTON MUTUAL BANK, FA, a business entity, form unknown; NATIONAL CITY BANK, a business entity, form unknown; ALLIANCE TITLE COMPANY, a business entity, form unknown; UNITED TITLE AND SETTLEMENT, a business entity, form unknown; CALIFORNIA RECONVEYANCE COMPANY, a business entity, form unknown; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a business entity, form unknown; and DOES 1-100, inclusive, |   |
| Defendants. |   |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

On January 5, 2011, Plaintiff Diana Engel ("Plaintiff") brought this action against various Defendants, alleging seventeen causes of action in connection with a foreclosure proceeding on her residence. The Court has original jurisdiction, 28 U.S.C. § 1331, over Plaintiff's federal claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq., and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq. The Court has supplemental jurisdiction, 28 U.S.C. § 1367, over Plaintiff's state law claims.

On January 30, 2012, this Court issued an Order granting in part and denying in part Defendant PNC Bank, N.A.'s ("PNC")[1] motion to dismiss. The motion to dismiss was granted with respect to Plaintiff's TILA and RESPA claims as to all Defendants. Plaintiff's TILA claim for damages and Plaintiff's RESPA claim were dismissed with leave to amend. Plaintiff's TILA claim for rescission was dismissed with prejudice. The motion was denied in all other respects without prejudice. Plaintiff was ordered to file a First Amended Complaint within twenty-one (21) days from January 30, 2012. The Court cautioned Plaintiff that failure to file a First Amended Complaint by the deadline would result in the dismissal of her TILA and RESPA claims with prejudice, and the dismissal of her remaining state law claims without prejudice to the filing of these claims in a state court action. To date, Plaintiff has not filed a First Amended Complaint.

Accordingly, Plaintiff's TILA and RESPA claims are DISMISSED with prejudice. Having now dismissed the federal claims alleged against Defendants, the Court declines to assert supplemental jurisdiction over Plaintiff's remaining state law claims. See 28 U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction); see also Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010) (" '[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims.' "); Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("it is generally preferable for a district court to remand remaining pendant claims to state court. . . .").

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's TILA and RESPA claims are DISMISSED with prejudice.

---

[1] PNC is the successor by merger to Defendant National City Bank.

2. The Court declines to assert supplemental jurisdiction over Plaintiff's remaining state law claims, which are dismissed without prejudice to the refiling of these claims in a state court action.

3. The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated: 3/29/12

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge